Filed 12/23/13  P. v. Lane CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>               Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY LANE,<br><br>               Defendant and Appellant. | B243073<br><br>(Los Angeles County<br>Super. Ct. No. NA089685) |

APPEAL from judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Law Office of Frank Bazadier and Frank Bazadier for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Gregory Lane raises a single issue in his appeal from convictions of robbery and attempted robbery, possession of a firearm and of ammunition by a convicted felon, carrying a concealed firearm and assault, with true findings of personal use of a firearm. The issue raised is that his attorney rendered ineffective assistance because he failed to properly advise defendant "with respect to the People's last offer of 12 years on the eve of trial, where [in the opinion of appellate counsel for defendant] no doubt existed as to Mr. Lane's guilt." Defendant received an aggregate sentence of 21 years in state prison. Defendant's appellate counsel does not cite to the record with respect to a plea offer by the People, and we find nothing in the record before us that indicates that any offer was made, let alone what it was. We shall affirm the conviction,

**FACTUAL AND PROCEDURAL SUMMARY**

In the early morning hours of August 4, 2011, Racquel Raya and Darlene Walls were in the parking lot of a store in Harbor City, near the intersection of Pacific Coast Highway and Normandie Avenue. Both women were nurses' aides at a nearby hospital. They were approached by defendant, who asked to borrow a phone. Walls told defendant that they did not have a phone. Defendant then reached into a pocket in clothing he was wearing and pulled out a gun, saying, "I bet if I got this out, you would give me your phone," and asking "What if I jack you all?", waving the gun in their direction. Raya was afraid for her life. Defendant then replaced the gun in a pocket and asked for money. Raya gave him some coins and tried to distract him as he was fidgeting with the gun. Defendant appeared upset and told Walls "That bitch is getting me mad"; Raya replied, "Don't worry, just go use the phone. It's okay, you have change now, you can use the phone. You got to put the change in."

Defendant walked to a nearby phone booth and Raya and Walls walked to the store. Upon entering, they told the employee there to lock the doors and call police since the man who accosted them had a gun. As the employee called 911, defendant came to the door of the store, was unable to open it, and walked in the direction of the rear of the store. Los Angeles police officers arrived within minutes, and were directed by Raya

2

down Pacific Coast Highway. As they drove down an adjacent alley, defendant emerged from some bushes next to the store parking lot and proceeded to walk toward the store. After he got to the locked door of the store he walked toward Normandie and hid in some bushes, where officers found him. Raya and Walls identified him. Another officer found a loaded gun in the grass next to the highway, which Raya and Walls identified as the gun defendant had brandished. Although defendant had appeared to Raya to be intoxicated from drugs or narcotics at their encounter, he was cooperative and did not appear intoxicated when the officers found him.

Defendant testified at trial. He stated that he had walked to the store to buy cigarettes when he saw police cars. An officer asked him to get into one of the cars, which he did. He was then arrested. He was carrying medical marijuana but had not used the substance that morning.

The information charged defendant with robbery (Penal Code, § 211; all statutory citations are to the California Penal Code), attempted robbery (§§ 664/211), possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)), and possession of ammunition by a convicted felon (§ 12316, subd. (b)(1)), carrying a concealed firearm (§ 12025, subd. (a)(2)), two counts of assault with a firearm (§ 245, subd. (a)(2)), and personal use of a firearm (12022.53, subd. (b)). He was convicted of these charges and the special allegations were found true. Sentence was stayed on the assault with a firearm charges, and, as noted, he was sentenced to 21 years in prison on the unstayed convictions. He filed a timely notice of appeal.

## DISCUSSION

As we noted at the outset, defendant's claim of ineffective assistance of counsel is based on the argument that counsel failed to properly urge defendant to accept a prosecution offer of 12 years in state prison. Respondent argues that there is no record that any such offer, or any offer, was ever made. We have found none. No reply brief has been filed. There is no basis for defendant's argument.

3

Defendant's counsel on appeal also seeks to show that his trial attorneys were deficient by citing a number of instances in which the court rejected objections or positions they offered.

Counsel points out that the defense motion for a line-up was denied due to trial counsel's misunderstanding of the pertinent law. The defense did move for a line-up, and the request ultimately was denied. But their effort is understandable. The defense—and the only defense—was misidentification. Little if anything could be lost by seeking a pretrial line-up, and that request was made. It ultimately was rejected because the two victims had seen defendant close up when they were accosted. *Evans v. Superior Court* (1974) 11 Cal.3d 617, 625 supports the decision of the trial court, but it emphasizes the degree of trial court discretion in ruling on such motions. (*Ibid.*)

Defendant's opening brief cites several instances in the transcript in which defense objections (usually on hearsay) were overruled. But nothing supports the accusations that defense counsel had "no trial experience to speak of," "induced [defendant] by misinforming him of his chances at trial, (a common tactic of desperate private counsel, hungry for work without regard for their client's best interest)," and similar statements.

Appellate defense counsel does not claim that any of these asserted errors is a basis for reversal—indeed, it would be difficult to do so in light of the principal claim that "no doubt existed as to Mr. Lane's guilt". Instead, counsel presents these rulings to support the claim that trial counsel rendered ineffective representation. On this record, that showing has not been made.

4

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.